The opinion of the Court was delivered by
Coecock, J.
Indictments must have a precise and sufficient certainty *in all respects. The crime must be clearly arid distinctly set „... forth, and it must appear when the offence is created by statute, *- oa that the accused is indicted under the statute; as well for the purpose, of enabling him to make his defence as for the purpose of enabling the Court to pronounce the judgment of law. Hence all indictments founded on particular Acts are required to conclude against the form of the Act in such case made and provided, but it is not necessary to state when the Act was passed. In this case there is but one Act against the offence, and therefore it was impossible the prisoner could not have known what Act was referred to, nor can there be any danger of a wrong judgment in the Court. Indeed, the word, “ State,” in that part of the indictment, which speaks of the Act, may be considered as surplusage. It would have been sufficient to have said against “ the Act in such case made and provided but I take it, the language is strictly correct, for, as I have before said, the reference is to the Act and not to the time when the Act was passed. It is an Act of a General Assembly, and an Assembly oí this State, to speak in the language of this day.
But what is conclusive, if the subject involved any difficulty, is that *466 this has been the uniform language, and in relation to the Acts passed before our independence, in all the indictments which have been preferred under that Act-
Miller, for the motion. JSvans, Solicitor, contra.
Motion discharged.
Johnson and Richaudson, JJ., concurred.